Daniel, J.
 

 Where any person, or the person, under whom he claims, shall have been, or shall continue to be in possession of any lands whatever, under titles derived from sales made either by creditors, executors or administrators of any person deceased, or by husbands and their wives, or by endorsement of patents, or other colourable title, for the space of twenty one years, all such possessions of lands under such title, shall, and are declared
 
 *137
 
 good, and one a bar against the entry of any person under the right or claim of the State, provided, that the possession so set up shall have been ascertained and identified under known and visible lines or boundaries.
 
 Rev. Stat.
 
 372. If the defendant had rested his defence solely under this statute, then
 
 colour
 
 of ti tie would have been indispensable for him. But this statute, does not affect the common law principle of presuming a grant,
 
 Fitzrandolph
 
 v.
 
 Norman,
 
 N. C. Term, Rep. 131.
 
 Harris
 
 v.
 
 Maxwell, 4
 
 Dev. & Bat. 241. It is very true, that possession of a part is possession of the whole, claimed by a deed when there is no adverse possession or superior title.
 
 Carson
 
 v.
 
 Burnett,
 
 1 Dev. & Bat. 646. The lands in controversy were circumscribed by the well known lines and bourn daries of other co-terminous tracts, which well might, or might not be, the lines and boundaries of an old patent covering the land now in dispute. If they were, well known, as the lines and boundaries of this tract of land, as well as of the others (as the witnesses prove to have been the fact) they furnish by reputation the boundaries of the land of which Black and the defendant have held the possession.
 
 Tate
 
 v. Southard. 1 Iiawks 45. Black for 35 years exercised dominion over the whole tract, by claiming it and cutting timber occasionally up to those very lines and boundaries ; and he had, between 25 and 30 years ago, cleared, enclosed and cultivated a part of the land, and that field, and another field on the said land, had been in his and the defendant’s actual possession, and cultivation, from that time to the commencement of this action. All necessary assurances may and ought to be presumed, upon a long actual possession and enjoyment. But when one enters upon land without any conveyance, or other thing, to shew that he claims, his possession cannot by presumption or implication be extended beyond his occupation
 
 de facto.
 
 To allow him to
 
 say,
 
 that he claims to certain lines and boundaries beyond his
 
 *138
 
 occupation and not visible and known of itself, is not sufficient evidence of his possession to those lines or boundaries; one cannot thus make himself in possession* contrary to the fact.
 
 Bynum
 
 v.
 
 Thompson, 3
 
 Ired. 578. In that case, there was no possession of any part of the land, covered or supposed to be covered by both titles ; nor were there any visible boundaries, known ■ or generally reported to be those of the Braswell patent; but there was simply a declaration by Lane, who had no conveyance from Braswell, that he claimed under that patent,, and therefore claimed the land covered by it, wherever the boundaries might be, and although they were uncertain. That would not do ; for it would be working a. possession by a claim merely, without either title or actual occupation. But, when a person (as Black was) has not only been in the actual occupation of a part of a tract of land for 25 or 30 years, but has also> claimed it, and exercised acts of dominion and ownership over it, up to a. well defined boundary, for that and a longer time ; we must say, that we think, that it altogether, was evidence that should have been left to the jury, to presume a grant of the land from the State to Black or those under whom he claimed.
 

 The judgment must be reversed, and a new trial granted.
 

 Per Curiam. Judgment accordingly.